**FILED**
**JUNE 26, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. **08 C 50121** |
| ) | |
| OFFICER CHRISTOPHER SEE, ) | |
| Individual and Official Capacity, ) | |
| OFFICER PAUL GALLAGHER, ) | **JUDGE KAPALA** |
| Individual and Official Capacity, and ) | **MAGISTRATE JUDGE MAHONEY** |
| CITY OF ROCKFORD, ILLINOIS, ) | |
| a Municipal Corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES, Plaintiff, Timothy Oliver, by and through his attorney, DANIEL J. McGRAIL, and brings this action for violations of the Fourth Amendment to the United States Constitution pursuant to *42 U.S.C. Sections 1983 and 1988* against Defendants, Officer Christopher See, Officer Paul Gallagher and City of Rockford, and in support of said claims, the Plaintiff states as follows:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to *42 U.S.C. Sections 1983 and 1988*, *28 U.S.C. 1331, 1343(3),* and the Constitution of the United States.

2. Plaintiff has timely filed this action in this Court.

3. The acts alleged were committed in Rockford, Illinois. Venue is proper in the United States District Court for the Northern District of Illinois, Western Division.

**PARTIES**

4. Plaintiff, Timothy Oliver, is a citizen of the United States and a resident of the State of Illinois.

5. Defendant, Officer Christopher See (hereinafter referred to as Officer See), at all times material to the allegations set forth in this Complaint, was a sworn police officer employed by the City of Rockford as a police officer acting within the scope of his employment and under the color of law.

6. Defendant, Officer Paul Gallagher (hereinafter referred to as Officer Gallagher), at all times material to the allegations set forth in this Complaint, was a sworn police officer employed by the City of Rockford as a police officer acting within the scope of his employment and under the color of law.

7. Defendant City of Rockford is a municipal corporation under the laws of the State of Illinois.

**FACTS**

8. On June 29, 2006, at approximately 03:01 a.m., Defendant Officer See responded to the intersection of Eaton Drive and Alpine Road in reference to a citizen's concern regarding a suspicious vehicle that lost a tire and continued driving westbound on Eaton Drive.

9. Upon his arrival at the scene, a citizen told Officer See that he heard an unknown noise and observed a white vehicle being driven without a tire, but could provide no other information.

10. Officer See observed scuff marks on the roadway that appeared to start from a point on the raised center median and continued westbound on Eaton Drive.

11. Officer See followed the scuff marks which led to a garage located at 4022 Eaton Drive, Rockford, Illinois.

12. Deon Hannah, who lived at 4022 Eaton Drive, approached Officer See in the front yard after noticing him arrive.

13. In response to Officer See's questioning, Mr. Hannah told him that the Plaintiff was the owner of the vehicle in the garage.

14. Mr. Hannah also informed Officer See that Plaintiff lived with him and was currently in the home.

15. At Officer See's request, Mr. Hannah opened the garage door to allow him to view the vehicle.

16. At Officer See's request, Mr. Hannah entered the house to advise Plaintiff that the officer wanted to speak to him.

17. Shortly after Mr. Hannah entered his residence, Officer See entered through the front door.

18. Officer See entered the residence without a warrant.

19. Officer See entered the residence without consent.

20. Officer See entered the residence without knowledge of any exigent circumstances that would allow entry into a residence without a warrant or consent.

21. Officer See testified in the criminal proceeding related to 2006 DT 824 that he entered the residence because he heard arguing and was concerned for the safety of the occupants.

22. Officer See did not hear arguing from outside or inside the residence.

23. Officer See did not radio for back up prior to entering the residence.

24. Officer See was not concerned for the safety of the occupants of the home.

25. Officer See did not ask Mr. Hannah if anyone in the home was injured or otherwise needed medical attention.

26. Officer See did not radio for medical assistance.

27. Officer See had not received any knowledge or information indicating that anyone in the home was injured or otherwise in need of medical attention.

28. Officer See's contention that he heard arguing and was concerned for the safety of the occupants of the home was pretextual.

29. Officer See's true motive for entering the home without a warrant or consent was to investigate the incident regarding a car being driven without a tire.

30. Upon Officer See's entry through the front door of the home, he proceeded to the basement.

31. Upon Officer See's entry into the basement area, he observed Plaintiff and an adult woman sitting on a couch in no distress with no apparent need for medical attention or police protection.

32. Officer See did not inquire into the wellbeing of these individuals or whether they needed police protection.

33. After observing that the individuals in the basement were not in need of medical care or police protection, Officer See failed to leave the residence.

34. While in the basement area, Officer See detained Plaintiff by ordering him to the ground.

35. In response to Officer See's accusations, Plaintiff informed him that he was not the driver of the vehicle in the garage.

36. After proceeding upstairs, Officer See further detained Plaintiff and handcuffed him with the assistance of Officer Beaufils, who had just arrived at the front door.

37. Plaintiff was then locked in Officer See's squad car until Defendant Officer Gallagher arrived to conduct at DUI investigation.

38. Plaintiff informed Officer Gallagher that he was not driving that evening.

39. Officer Gallagher conducted no other investigation to determine whether Plaintiff had driven a vehicle that evening.

40. Officer Gallagher's investigation did not produce sufficient evidence to establish that Plaintiff was under the influence of alcohol while driving a motor vehicle to allow a reasonably prudent police officer to make an arrest for driving under the influence.

41. Plaintiff was charged with driving under the influence of alcohol by Officer Gallagher and issued a law enforcement sworn report, which initiated a statutory summary suspension process to have Plaintiff's driving privileges suspended.

42. Officer See charged Plaintiff with aggravated assault of a peace officer.

43. Plaintiff was taken into custody and placed in jail.

44. Plaintiff incurred the expense of retaining counsel and attending numerous court appearances in defense of said charges.

45. All charges against Plaintiff were dismissed on December 4, 2006 based on a finding in State court that Officer See's entry into the residence and the subsequent arrests were unlawful.

46. Plaintiff lost significant income as a result of his unlawful arrest.

## COUNT I
## FOURTH AMENDMENT VIOLATION
## UNLAWFUL ENTRY
## OFFICER CHRISTOPHER SEE

1-46    Plaintiff incorporates by reference Paragraphs 1 through 46 above as Paragraphs 1 through 46 of this Count I, as though fully set forth herein.

47.    Officer See's entry of the residence without a warrant, consent or valid exigent circumstances violated Plaintiff's clearly established rights guaranteed by the Fourth Amendment of the United States Constitution.

48.    As a result of said unlawful entry, Plaintiff incurred loss of freedom, unlawful arrest, loss of reputation, unjustified criminal prosecution, humiliation, loss of income and other economic and non-economic damages.

WHEREFORE, Plaintiff, Timothy Oliver, demands judgment against Officer Christopher See for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for compensatory damages and for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for punitive damages, plus attorney's fees and costs of the suit pursuant to 42 U.S.C 1988.

## COUNT II
## FOURTH AMENDMENT VIOLATIONS
## UNLAWFUL DETENTION AND ARREST
## OFFICER CHRISTOPHER SEE

1-46.    Plaintiff incorporates by reference Paragraphs 1 through 46 above as Paragraphs 1 through 46 of this Count II, as though fully set forth herein.

47.    Officer See's conduct during the unlawful entry into Plaintiff's residence constituted an unreasonable seizure in violation of Plaintiff's clearly established rights guaranteed by the Fourth Amendment of the United States Constitution.

48.     Officer See's arrest of Plaintiff without a warrant or probable cause violated Plaintiff's clearly established rights guaranteed by the Fourth Amendment of the United States Constitution.

49.     As a result of said detention and arrest, Plaintiff incurred loss of freedom, unlawful arrest, loss of reputation, unjustified criminal prosecution, humiliation, loss of income and other economic and non-economic damages.

WHEREFORE, Plaintiff, Timothy Oliver, demands judgment against Officer Christopher See for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for compensatory damages and for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for punitive damages, plus attorney's fees and costs of the suit pursuant to 42 U.S.C 1988.

## COUNT III
## FOURTH AMENDMENT VIOLATIONS
## UNLAWFUL DETENTION AND ARREST
## OFFICER PAUL GALLAGHER

1-46.   Plaintiff incorporates by reference Paragraphs 1 through 46 above as Paragraphs 1 through 46 of this Count III, as though fully set forth herein.

47.     Officer Gallagher's arrest of Plaintiff without a warrant or probable cause violated Plaintiff's clearly established rights guaranteed by the Fourth Amendment of the United States Constitution.

48.     As a result of said detention and arrest, Plaintiff incurred loss of freedom, unlawful arrest, loss of reputation, unjustified criminal prosecution, humiliation, loss of income and other economic and non-economic damages.

WHEREFORE, Plaintiff, Timothy Oliver, demands judgment against Officer Paul Gallagher for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for compensatory damages and for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for punitive damages, plus attorney's fees and costs of the suit pursuant to 42 U.S.C 1988.

### COUNT IV
### 42 U.S.C. SECTION 1983 MUNICIPAL LIABILITY
### CITY OF ROCKFORD

1    The Plaintiff incorporates by reference Counts I through III as fully set forth herein.

2.    City of Rockford failed to provide necessary supervision of its police officers so as to discourage unlawful tactics in the area of search and seizure.

3.    City of Rockford failed to discipline its officers with respect to incidents wherein individual Fourth Amendment rights were clearly violated.

4.    The unlawful entry, detention and arrest of the Plaintiff were the result of a policy and/or custom and practice of the City of Rockford to inadequately supervisor and discipline its officers.

5.    City of Rockford's failure to supervise and discipline its officers with respect to Fourth Amendment violations demonstrated a reckless disregard for the rights of its citizens and proximately caused Plaintiff's unlawful detention, unlawful arrest, prosecution and related injuries.

WHEREFORE, Plaintiff, Timothy Oliver, demands judgment against the City of Rockford for a sum in excess of FIFTY THOUSAND DOLLARS AND NO/100 ($50,000.00) for compensatory damages, plus attorney's fees and costs of suit pursuant to 42 U.S.C 1988.

## COUNT V
## 42 U.S.C. SECTION 1988

1	Plaintiff incorporates by reference Counts I through IV as full fully set forth herein.

2.	42 U.S.C. Section 1988 entitles Plaintiff to reasonable attorney's fees and costs for prosecuting this action if he is the prevailing party.

WHEREFORE, Plaintiff, Timothy Oliver, demands judgment against all the Defendants in an amount necessary to recover all reasonable legal fees and costs of this suit.

## JURY DEMAND

Plaintiff requests trial by jury.


			TIMOTHY OLIVER, Plaintiff


			By:	/s/ Daniel J. McGrail
				DANIEL J. McGRAIL, Plaintiff's Attorney


DANIEL J. McGRAIL
Attorney at Law
321 West State St., Suite 602
Rockford, IL 61101
(815) 961-8770